IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**STATE FARM MUTUAL AUTO**        :        **CIVIL NO. 1:05-CV-2523**
**INSURANCE COMPANY,**            :
                                  :
       **Plaintiff**              :
                                  :
                                  :
       **v.**                    :
                                  :
**MICHAEL LAVANTURE and**         :
**RICHARD LAVANTURE, JR.,**       :
                                  :
       **Defendants**            :
                                  :
       **and**                   :
                                  :
**STANLEY TRZASKA, Executor of**  :
**The Estate of Grace Trzaska,**  :
**Deceased and STANLEY TRZASKA**  :
**In his own right,**             :
                                  :
       **Defendant/**            :
       **Interested Party**       :

## M E M O R A N D U M

_____Before the court is Defendants Michael LaVanture and Richard

LaVanture, Jr.'s (hereinafter "the LaVanture Defendants") motion to dismiss for

lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), Plaintiff

State Farm Mutual Insurance Company's declaratory judgment action.  (Doc. 8.)

The parties have briefed the issue and the motion is ripe for disposition.  For the

reasons that follow, the court will grant the LaVanture Defendants' motion to

dismiss.

I.          **Background**

On March 19, 2004, Defendant Stanley Trzaska and his wife Grace Trzaska were involved in a motor vehicle accident with Defendant Michael LaVanture.  As a result of the accident, Grace Trzaska died.  Stanley Trzaska, in his own right and as the Executor of the Estate of Grace Trzasak, filed suit against the LaVanture Defendants in the Dauphin County Court of Common Pleas.  Defendant Richard LaVanture, Jr. holds an automobile insurance policy with Plaintiff, under which the LaVanture Defendants are covered.

On December 6, 2005, Plaintiff filed a declaratory judgment action with this court.  Plaintiff asks the court to define its contractual rights and duties under the automobile insurance policy issued to Defendant Richard LaVanture, Jr. Specifically, Plaintiff asks the court to declare that it does not have a duty to indemnify the LaVanture Defendants with respect to Count VIII (loss of consortium) and Count IX (negligent infliction of emotional distress) of the state action. Plaintiff's request is based on its interpretation of the insurance policy language and state law.

On March 13, 2006, the LaVanture Defendants filed the instant motion, seeking dismissal of Plaintiff's declaratory judgment action.

II.         **Legal Standard**

The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, affords a district court "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995).  The Supreme Court has characterized the Declaratory Judgment Act as "an enabling Act,

which confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 287 (internal quotations omitted) (citations omitted).  Thus, under the Declaratory Judgment Act, district courts wield broad and selective discretion in determining whether and when to entertain a declaratory judgment action.  *Id.* at 283.

**III.          Discussion**

The LaVanture Defendants argue that Plaintiff's declaratory judgment action should be dismissed because the action does not present any federal issues, it deals exclusively with unsettled state law, and an underlying action is already pending in state court.  In support of it their motion, the LaVanture Defendants rely upon *State Automobile Insurance Co. v. Summy*, 234 F.3d 131 (3d Cir. 2000).  Plaintiff counters that the issues pending before this court are distinct from the issues pending before state court and that *Summy* is limited to its facts, which are distinguishable from those of the instant action.  For the reasons that follow, the court finds the LaVanture Defendants' arguments to be convincing, and will grant their motion.

**A.     Applicability of *Summy* and the Court's Discretion to Decline Jurisdiction**

Before the court addresses the logic of *Summy*, it must first address Plaintiff's argument that *Summy* is distinguishable from the instant case.  The court recognizes that facts of the instant matter differ from those in *Summy*; however, the logic of *Summy* is not limited to its facts.  The *Summy* court provided that "where district courts must decide whether to hear declaratory judgment actions involving insurance coverage issues, we have suggested the relevant considerations."  *Id.* 234

F.3d at 134.  The language utilized by the *Summy* court indicates that the Third Circuit intended to expand the perimeter of applicability beyond *Summy*'s facts to generally include those cases where a district court has discretion to hear a declaratory judgment action.  *See id.* at 134-36 (discussing relevant considerations in the context of actions involving insurance coverage issues).  Therefore, the first question for this court to consider is whether it has discretion to hear the instant matter.  A district court is divested of discretion to not hear a declaratory judgment action "when the issues include[] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding."  *Id.* at 134 (citing *United States v. Pennsylvania, Dep't of Envtl. Res.*, 923 F.2d 1071, 1075 (3d Cir. 1991).   The court finds that the instant case does not present any of the enumerated considerations; thus, the jurisdiction conferred upon this court by the Declaratory Judgment Act is discretionary and not compulsory. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *Summy*, 234 F.3d at 133.

### B.   Considerations for Declining to Exercise Jurisdiction

Having determined that the court's jurisdiction is discretionary, the court now turns to *Summy*'s enumerated factors that a district court should consider when deciding whether to decline exercising jurisdiction over an action brought under the Declaratory Judgment Act.[1]  To begin, the *Summy* court reviewed the history of the Declaratory Judgment Act and specifically enumerated three relevant considerations that weigh in favor of a district court declining to exercise

---

[1]In *Summy,* the Third Circuit found that a district court erred when it exercised its jurisdiction under the Declaratory Judgment Act.

jurisdiction when deciding whether to a hear a declaratory action involving insurance:

> (1) a general policy of restraint when the same issues are pending in a state court; (2) an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; and (3) avoidance of duplicative litigation.

234 F.3d at 134.

Second, the *Summy* court touched on a number of other factors that weigh in favor of a district court declining to exercise jurisdiction: (1) where the applicable state law is uncertain or undetermined; (2) where the state law is firmly established; and (3) where there is a lack of federal questions or federal interests. *Id.* at 134-36.

Third, the *Summy* court restated some overarching themes that the Supreme Court has articulated in determining when district courts should assert jurisdiction: (1) "in the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration" *id* at 134 (quoting *Wilton,* 515 U.S. at 288); and (2) "gratuitous interference with the orderly and comprehensive disposition of a state court should be avoided," *id.* at 133 (quoting *Wilton,* 515 U.S. at 495).  As a final note, the Third Circuit warned that "the desire of insurance companies and their insured to receive declaration in federal court on matters of purely state law has no special call on the federal forum." *Id.* at 136.

### 1.   There is No Federal Question or Federal Interest Presented

The LaVanture Defendants first argue that Plaintiff's declaratory judgment should be dismissed because the instant action does not present any federal issues.  While the instant action satisfies the requirements for subject matter jurisdiction (diversity), as stated, the court need not exercise jurisdiction.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see also Mitcheson v. Harris*, 955 F.2d 235, 238 (4th Cir. 1992) ("[I]n declaratory actions Congress has afforded the federal courts a freedom not present in ordinary diversity suits to consider the state interest in having state courts determine questions of state law.").  As noted, where declaratory judgment actions lack federal questions or federal interests, district courts should be apprehensive in asserting jurisdiction.  *Summy*, 234 F.3d at 134-36.  Plaintiff does not argue that a federal issue is present, and the court does not find that a federal issue is present.  Thus, the court finds the LaVanture Defendants' argument with respect to this factor to be convincing, and that this factor weighs in favor of not exercising jurisdiction.

### 2.   The Instant Action Presents a Conflict Between the Insurer and the Insured that Should be Addressed in State Court

Second, the LaVanture Defendants contend that the issue of whether Plaintiff is obligated to provide specific coverage for negligent infliction of emotional distress is the type of inherent conflict between insurer and insured identified in *Summy*.  *See id.* at 134.  Plaintiff responds by claiming that the issues involved in the state court action are not closely related and intertwined.  Plaintiff attempts to distinguish the suits by arguing that the state court action will only result in a monetary award while the current federal court action will resolve a coverage

issue, i.e., whether Defendant Stanley Trzaska's alleged mental and emotional distress claim constitutes "bodily injury" as defined by the automobile insurance policy.  The court does not agree that the claims are so separate and distinct that they fall outside of the Third Circuit's considerations.  As provided by *Summy*, one consideration that weighs in favor of declining to exercise jurisdiction is a request that the district court determine an insurer's duties under a policy exclusion when the underlying litigation is pending in state court.  *Id*.

In the instant action, both the state and the federal claims revolve, in large part, around the issue of negligent infliction of emotional distress.  Similar to determining an insurer's duties under a policy exclusion, the court is being asked to define Plaintiff's duties under the language of the policy.  Plaintiff's request require the court to evaluate the policy language to determine coverage.  The court finds that Plaintiff's declaratory judgment action creates an inherent conflict between the insurer and the insured that is better resolved in state court where the underlying litigation is pending.

Moreover, Plaintiff has voluntarily filed a declaratory judgment in federal court when the same action is available in state court.  Although the court recognizes that the instant action differs in some respects from *Summy*[2], allowing Plaintiff to proceed on this distinction does not " 'yield[] to considerations of practicality and wise judicial administration.' "  *Summy,* 234 F.3d at 134 (quoting *Wilton,* 515 U.S. at 288); *see also Mitcheson*, 955 F.2d at 240 ("[T]he prospects for coordinated management and alleviation of abrasion are greater when the litigation

---

[2]  In *Summy,* the insurance company had declaratory actions pending in both the state court and the federal court simultaneously.  *See id.* at 131-32.

is handled under one jurisdictional roof."). Accordingly, this factor weighs in favor of not exercising jurisdiction.

### 3.    The Instant Action Presents State Law Questions Not Yet Resolved by State Law

Finally, Defendants argue that the issue to which Plaintiff seeks a declaratory judgment is not resolved because the Pennsylvania Supreme Court has not decided whether a claim for negligent infliction of emotional distress is covered by liability insurance. To support this argument, Defendants assert that the intermediate court of Pennsylvania has resolved this issue inconsistently. Defendants cite *Anthem Casualty Insurance Co. v. Miller*, 729 A.2d 1227 (Pa. Super. Ct. 1999) and *Erie Insurance Group v. Shue*, 741 A.2d 803 (Pa. Super. Ct. 1999) to support their proposition. Plaintiff does not dispute that this issue remains in flux. As provided by *Summy*:

> it is counterproductive for a district court to entertain jurisdiction over a declaratory judgment action that implicates unsettled questions of state law, questions which might otherwise be candidates for certification to the state's highest court. Such matters should proceed in normal fashion through the state court system.

*Id.* at 135; *see also Allstate Ins. Co. v. Best*, 728 F. Supp. 1263, 1269 (D.S.C. 1990) ("[I]t is obvious that determination of the unsettled and important questions of State substantive law . . . should proceed in the pending state court action, especially where, as here, there exists no federal interest whatsoever in their ultimate resolution."). Thus, the court finds that this factor also weighs against exercising jurisdiction.[3]

---

[3]On the other hand, this court also notes that some of the issues before the court are well settled by state law. Because these issues are well settled and there is litigation pending in state court
(continued...)

**IV.**           **Conclusion**

       Having considered the relevant case law and the factors presented
therein for declining jurisdiction, the court finds the LaVanture Defendants'
arguments to be convincing, and the court will decline to exercise its discretionary
jurisdiction over Plaintiff's declaratory judgment action.  Accordingly, the court will
grant the LaVanture Defendants' motion to dismiss.  An appropriate order will issue.


                      s/Sylvia H. Rambo
                      SYLVIA H. RAMBO
                      United States District Judge

Dated:  May 16, 2006.

---

[3](...continued)
"there would seem to be even less reason for the parties to resort to the federal courts."  *Summy,* 234
F.3d at 136.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STATE FARM MUTUAL AUTO INSURANCE COMPANY,** | : | **CIVIL NO. 1:05-CV-2523** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL LAVANTURE and RICHARD LAVANTURE, JR.,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |
| **and** | : | |
| | : | |
| **STANLEY TRZASKA, Executor of The Estate of Grace Trzaska, Deceased and STANLEY TRZASKA In his own right,** | : | |
| | : | |
| | : | |
| **Defendant/ Interested Party** | : | |

# O R D E R

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT**

1) The LaVanture Defendants' motion to dismiss (Doc. 8) is **GRANTED.**

2) The Clerk of Court is directed to close the file.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  May 16, 2006.